IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ADAM WELLS and MELISSA L. WELLS on behalf of themselves and the class members described below, | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| ASSET RECOVERY SOLUTIONS, LLC, | ) ) |
| Defendant. | ) |

**COMPLAINT – CLASS ACTION**

**INTRODUCTION**

1. Plaintiffs Adam Wells and Melissa L. Wells ("Plaintiffs") bring this action to secure redress for improper debt collection practices by defendant Asset Recovery Solutions, LLC. Plaintiffs allege violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3. In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

4. Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC,* 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

5. The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

6. Plaintiffs seek to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 et seq.

## JURISDICTION AND VENUE

7. The Court has jurisdiction under 15 U.S.C. §1692k, 28 U.S.C. §1331, and 28 U.S.C. §1337.

8. Venue and personal jurisdiction in this District is proper because Defendant does business in this District.

## PARTIES

9. Plaintiffs Adam Wells and Melissa L. Wells are husband and wife and reside in Colorado Springs, Colorado.

10. Defendant Asset Recovery Solutions, LLC is a limited liability company organized under Illinois law with principal offices at 2200 E Devon Avenue, Ste. 200, Des Plaines, IL 60018. Its registered agent and office is CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

11. Defendant Asset Recovery Solutions, LLC operates a collection agency. It describes its business as follows: "Asset Recovery Solutions, LLC is a full service asset recovery management company that is committed to establishing unmatched standards of performance. ARS is a strategic partner to many of the largest credit issuers in the country. We offer a full range of solutions across a vast array of asset classes that includes credit cards, student loans, consumer loan, automotive and retail. [¶] Our servicing platforms are enhanced by an outstanding team of employees as well as application of the latest technology to maximize performance on behalf of our partners. Allow us to customize a solution for you!" (http://www.assetrecoverysolutions.com/)

12. Defendant uses the mails, telephone system and Internet to collect consumer debts for others.

13. Defendant is a "debt collector" as defined in the FDCPA, 15 U.S.C. §1692a(6).

## FACTS RELATED TO PLAINTIFFS

14. On or about October 5, 2020, Defendant sent Plaintiff Adam A. Wells the letters in Exhibits A-C and Plaintiff Melissa L. Wells the letter in Exhibit D.

15. Each letter sought to collect a different private student loan.

16. Each letter was identical except for the name of the consumer and the details of the loan.

17. The letters were sent on behalf of Navient, one of the largest servicers of student loans in the United States.

18. Exhibits A-D are examples of a form letter used by Asset Recovery Solutions, LLC.

19. Exhibits A-D offered to settle the debts described therein for a reduced lump sum or a "partial payment plan."

20. No payment had been made on any of the loans for more than six years.

21. The longest Colorado statute of limitations that could be applicable to the loans is six years. C.R.S. 13-80-103.5.

22. Although Exhibits A-D offered settlements, they did not disclose that (a) the debts were time-barred or (b) a payment would restart the statute of limitations.

23. Plaintiffs were concerned and intimidated by receipt of a letter seeking payment of an old debt. They were sufficiently concerned to consult counsel.

## COUNT I – FDCPA

24. Plaintiffs incorporate paragraphs 1-23.

25. Exhibits A-D violate 15 U.S.C. §§1692e, 1692e(2) and 1692e(10). *Pantoja v. Portfolio Recovery Associates, LLC*, 852 F.3d 679 (7th Cir. 2017).

26. Section 1692e provides:

§ 1692e. False or misleading representations [Section 807 of P.L.]

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .

    (2) The false representation of--

        (A) the character, amount, or legal status of any debt; . . .

    (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .

## CLASS ALLEGATIONS

27. Plaintiffs bring this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

28. The class consists of (a) all individuals with Colorado addresses, (b) to whom a letter was sent by or on behalf of Defendant to collect a debt, (c) which debt was a private student loan on which the later of default or last payment occurred more than 6 years prior to the letter, (d) which letter offered a settlement or a payment plan (e) and did not state that the debt was time-barred or that any payment may restart the statute of limitations, (f) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

29. On information and belief, based on the use of a form letter on behalf of a large servicer of student loans, and the fact that debts are normally placed in portfolios of debts of like nature and vintage, there are more than 40 class members, and the class is so numerous that joinder of all members is not practicable.

30. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common question is whether Defendant's letters were misleading.

31. Plaintiffs' claims are typical of the claims of the class members. All are based on the same factual and legal theories.

32. Plaintiffs will fairly and adequately represent the class members. Plaintiffs have retained counsel experienced in class actions and FDCPA litigation.

33. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible;

    b. Members of the classes are likely to be unaware of their rights;

    c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of Plaintiffs and the class members and against Defendant for:

    i. Statutory damages;

    ii. Any actual damages incurred by class members, including all amounts paid on time-barred debts;

    iii. Attorney's fees, litigation expenses and costs of suit;

    iv. Such other and further relief as the Court deems proper.

*/s/ Daniel A. Edelman*
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
Cassandra P. Miller
Carly M. Cengher
**EDELMAN, COMBS, LATTURNER & GOODWIN, LLC**
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

Pro hac vice to be applied for:
Daniel Vedra
**VEDRA LAW LLC**
1444 Blake Street
Denver, CO 80202
(303) 937-6540
(303) 937-6547 (FAX)
vedralaw.com

**NOTICE OF LIEN AND ASSIGNMENT**

     Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

                                    */s/ Daniel A. Edelman*
                                    Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
October 17, 2020    & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)